UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN ESTEL REDMOND, #412264,

                        Petitioner,

v.                                     CASE NO. 5:15-CV-13129
                                     HONORABLE JOHN CORBETT O'MEARA

PAUL KLEE,

                        Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Michigan prisoner Justin Estel Redmond ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his state criminal sentence. Petitioner pleaded guilty to assault with intent to do great bodily harm less than murder in the Calhoun County Circuit Court and was sentenced to 6 to 10 years imprisonment in 2012. Petitioner has previously filed a habeas petition in federal court challenging the same state court conviction and sentence.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In 2012, Petitioner filed a habeas petition with this Court challenging the same 2012 sentence at issue here. That petition was denied on the merits and dismissed with prejudice. *See Redmond v. Klee*, No. 2:12-CV-15307 (E.D. Mich. Dec. 13, 2012) (Edmunds, J.). Petitioner dated the instant

petition on August 26, 2015.  He again asserts that his sentence in unconstitutional, but bases his claims upon a new Michigan Supreme Court decision, *People v. Lockridge*, _ Mich. _, _ N.W.2d _, 2015 WL 4562293 (July 29, 2015).  Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

s/John Corbett O'Meara<br>
United States District Judge

Date:  September 3, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 3, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz<br>
Case Manager

---

[1]28 U.S.C. § 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could be brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.